Mr. Cunio is serving a 71-year-to-life sentence for crimes that he committed during a single day when he was 16 years old. He brought this action in federal court to challenge Oregon's bifurcated sentencing scheme as applied here. Because of violence, the Eighth and Fourteenth Amendments, as interpreted in the Middle V. Alabama, and in the cases of Salt Lake County... Mr. Cunio No, Mr. Court. The reason you're here today, I think, is because the district court said, however meritorious this claim might be, it took less than an act because there are pending state court decisions on it. I'm no younger, so I have a practical question for you. And I'm not sure I know the answer to it. At some point, hopefully soon, the Court of Appeals in Oregon will resolve the pending appeal. Yes, sir. At that point, even under the state's theory, would there be any other problem? I'm asking if there was. My question is yes, Your Honor. The allegation in this case is that Mr. Cunio, Miller, and Titus look to getting these hearing amendments. He's entitled to immediate release if he establishes rehabilitation. Okay. But what you're claiming is he's entitled to a hearing. A hearing, yes. Right. Once the state court rules, understand it, when you move forward, the basis for the district court's refusal to hear your claim will go away, will it not? Now we know that it's based on the tendency of state court litigation. Once that state court litigation is over, we have no idea what the Court of Appeals is going to say. If they say, go away, you know, you have no claim, or if they say, no, you're right, you should readjust, you've aided and aided, they say you should get an immediate hearing. But once that's over with, there will be no younger problem in this case, will there? I hope you're correct, Your Honor. My understanding, Your Honor, though, is that because the CSA3 case was filed while there were ongoing state proceedings, that the end of state proceedings does not necessarily apply. But they do get an exercise. In other words, at the end of state proceedings, either you will have a constitutional claim or you won't. Yes. We believe that we will. Okay. I get it. I get it. And then you can bring it. You can bring it. And the district court will not be able to say at that point, I can't hear it because there are pending state proceedings. It may say all sorts of other things, but it can't say that. So my practical question, I guess, to both sides is, do we know how quickly the Oregon Court of Appeals is going to rule on a pending case? And assuming that it rules on a pending case within a reasonable period of time, wouldn't we be beserved in this case by simply putting it aside until it does? Your Honor, that's a reasonable obscene from this court. I'm going to do the opposite appointment just a minute ago. It would be, first, the district court was wrong, my younger. It should have exercised its unflagging obligation to move forward with the case. And second, if that's correct, then you're right on the merits that you're entitled to appearing right now that could lead to release right now. That's not, so every day that we're waiting is a day that your client is imprisoned when maybe he won't be. That's correct, Your Honor. So tell me where in your, you get the notion that your client is entitled to an appeal that is full of injuries that have been held up. You're arguing that it's you and your client effectively that are going to be president of the two community services without giving them some ability to do what you're going to do. So you have been rehabilitated. How do you get the immediate meaning of that? It's not in the text of Miller, Your Honor. It's the application of Miller, applying the principles of Miller to Oregon's scheme and using case law from both this court, more of your binary, doesn't say an immediate hearing, but any other jurisdictions. Well, let's assume that instead of Oregon's scheme, your client will be the government. Facing the law. And the Oregon, and the Oregon's court said yes, you're right, it's unconstitutional. We will give them a hearing in 20 years. Yeah. Our position is that that would not comply with Miller. And there are other, we'd like to have an opportunity to briefly argue this on the basis of this court. And it's not why we're here, but in response to Judge Rankoff was, no, we don't want to wait until we're entitled to Miller to an immediate hearing. Yes, Your Honor. We're trying to figure out what cases. There are, we haven't briefed them since on tissue in this case. There are other jurisdictions that have, in implementing the amendment requirement, Miller required states to hold hearings, whether after a certain passage time, for example, 20 years. Mr. Cuneo's already served 23 years in prison. Or it required periodic hearings. And so, that's the basis of our request. Let me explore the question a little bit. I know it's not, it's a merit to confirm that. Let's assume that you're going to be hearing the murder charge. And that the court failed to decline it. The court failed to decline it. Or, as we understand it, his 28-year consecutive non-commercial sentence to serve, would that affect that 28-year sentence? It would not affect his 23-year consecutive sentence. It would not affect it. And that would commence on the day of parole. That's correct. And that's why my answer to your first question, Your Honor, was that the Court of Appeals' position is that, even if the Court of Appeals agrees with our claim in the state court, we still allege that there was a murder charge. I'm asking this because of Judge Raycon's lawyer's position. And your position of urgency. Even if you got the exact criminal you wanted, even if we today wanted Judge Raycon to keep on hearing, he would have the ability to do that. He would still have 23 more years to serve, of course. That's correct, Your Honor. Okay. Yes, and that is why our position is, we, the District Court here, and we would like a revamp as soon as possible. I was trying to say something earlier in the question. I'm not clear what the Court of Appeals can do for you in this case. You and your opponent seem to have different views Tell me what you think of the Court of Appeals. You appealed to the Court of Appeals. What do you want them to do? We want them to say that the parole board's 48-year prison term violates the 8th Amendment and to order them to immediately release Mr. Pino from that 48-year prison term over which they have control. That would still be the case. Isn't that the same remedy you're seeking from the District Court of Appeals? It's not, Your Honor. We're seeking a hearing on the aggregate 71-year minimum term that derives both from the 48-year prison term set by the parole board and the 23-year determined prison term. So it's exactly the remedy you wanted in this case, which is immediately release the 48-year term. Mm-hmm. Because we have the 48 total years. Correct. And wouldn't that, in effect, give you the remedy that you're seeking in the District Court? No, Your Honor, because we believe we're entitled to a hearing in which Mr. Pino, with the established rehabilitation, would be released from being cut from the 23 years plus the 48 years. So the relief in the state court does not and cannot, because of state procedural laws, address the 23-year determined consecutive sentences. Are you all right with that? Thanks, Your Honor. That's our claim. That's the basis of the claim. And that's why, under Younger, we believe the District Court may err, because the claims aren't different in this IJA3 than in the state court appeal. And although I think it would be nice for the parties and for the court, if the Oregon Court of Appeals had a rule, I ultimately do not think that it affects the outcome of the Younger exception analysis. If the Oregon Court of Appeals were to give you just another claim in front of the Oregon Court of Appeals, is that correct? That's correct. If the Oregon Court of Appeals were to agree with you on that question, you would then be entitled to a rehabilitation hearing under Miller, based on the murder charge. Is that correct? That's correct. If you went through that and you went through that and was successful showing that he has been rehabilitated, would there be any collateral assault on the next claim, on the robbery claim, on a total of 71 years? Likely. We would argue that there would be. Okay. If these threats decide to move before the Oregon Court of Appeals, then why shouldn't the way to give the Oregon Court of Appeals and or the Oregon Supreme Court the chance to do the right thing? Obviously, this has been a very, very contentious, very messy, self-proceedings in Oregon. There's been a lot of hand-wringing over this. And obviously, the Oregon courts are very aware of the problem that's been created. So why shouldn't we give the Oregon Court of Appeals and or the Oregon Supreme Court a chance to do the right thing? Because there's an absolute first instance before we can do it. I think, Your Honor, because the younger requires the district court to exercise its jurisdiction, unless the younger elements are met. And here, the third element of younger is not met. The district court was required to exercise its jurisdiction. The third element, the element that's not met, is the state of the claim that's not the same as the claim in the outgoing city court. And the only reason that it's different is because you're arguing 71 years in the federal court and just 48 years in the Oregon Court of Appeals. That's correct. And why didn't you press the same claim in the Oregon Court of Appeals? Because of Oregon State Procedural Law, that bifurcates both the sentences and the judicial review. The ongoing state court case is just a challenge to the parole board's decision. The parole board has authority only over the homicide, pre-ordered murder sentences, which is the 48-year prison term. The parole board has no authority under Oregon law over the 22 years of the prison term. Is there any procedural remedy in my proceeding? I'm not sure it's required. I'm just interested as a former state court judge. Did she express this claim? How am I arguing? If I were to say sorry, we may have an unconstitutional system, but our procedures don't allow us to consider it. Your Honor, I'm not aware of any way to reason state court, and that's why we've come to federal court. Did the parole board likewise in the Oregon state court proceed to take the position that the only thing before the Oregon court is the 48-year sentence? And the court should even make reference to the arrest, because it wasn't before that that was the decision they took, right? That's correct, Your Honor. But it's a decision you appeal. That's why. Yes. That's why I'm asking. In other words, if you think you are stuck with that, why did you appeal? Excuse me, Your Honor? If you think you are stuck with the Oregon, so why did you appeal the state case? Because you take this matter of state law, the Oregon court, saying 48 years was the appropriate time. We have several assignments there in the state court appeal. Some of them are based on the board's misapplication of rules. Are some of them based on the court? Yes. One, we're arguing that the setting of the 48-year prison term violated Miller. We're arguing that the parole board should have said, we are going to set your prison term at zero to do what we can. That's the board of parole. Excuse me, Your Honor, with Miller, I understand you're making a somewhat different argument than with Habeas. But isn't that because of your argument with Habeas, too? In this 1983 action, Your Honor? Yes, in 1983. That's a separate question about whether it should be Habeas. Yes. You didn't forget that for a moment. Yes. This is a 1983 action. Isn't it because of your argument that the case, the amendment, those are the cuts. But the claim is different because the facts are different. In this 1983 action, we get to include the 23-year prison term. But here's my question, I guess. If the state court were to say, no, as a matter of the Constitution, because we don't view aggregated sentences as violating the law, and we could view outlawed as violating the law, that would be a ruling that you would be attacking people for in this 1983 action, would it not? Because the premise of your 1983 action is that aggregated sentences do violate the law. That's correct, Your Honor. Yeah, and I think, at least as I view that question, that goes to the fourth element of Younger, which is would a ruling in this case enjoin the state court action? And we're not contesting that. It would. Yes, but in the federal 1983 case, this literally subsumes the same cohort challenge. You're telling me something like, if you were to get an immediate relief in the 1983 action, the appeal would be ungrounded, would it not? Yes, I believe so, Your Honor. Yes. Unless the Court has other questions right now, we'll reserve the rest of the meeting. Thank you. Thank you. Thank you, Mr. Court and Counsel. Jeff Payne representing the defendants. I want to start with the question of whether there was a difference between the claims raised in this case and what's currently before the Oregon Court of Parole. If I understand it, Counsel, correct, he's saying that in the parole case before the Oregon Court of Appeals, he's only challenging the 48-year age of sentence. But that's not what the record shows, and I disagree with that strongly. If you look at, excuse me, first of all, the opening brief from the plaintiff and the reply brief, his argument in the Court of Appeals, these are opening briefs before the Oregon Court of Appeals, and also briefs in this case. I think these are in the SER at page 40, is the opening brief to the Court of Appeals, and the reply brief is at SER 168. In both of those, his argument that the prism term set by the Board is unconstitutional hinges on the fact that you have to consider the 48 years matrix term and the 23-year guidelines terms together, because that's a de facto life sentence. It's not arguing that the 48 years have standing alone. It's a de facto life sentence. So what can, tell me what the Oregon Court of Appeals can do for you. It's curious to hear from you. The Oregon Court of Appeals, I think you might want to check on this, if it agrees with defendant, or plaintiff, I guess, it can say, yes, to comply with the Eighth Amendment in Miller, the Court of Appeals must consider the aggregate sentences. In other words, it can't change the guideline sentences. It would say that in determining that, you have a de facto life sentence, and in order to comply with Miller, you can change the 48-year prism term in order to provide him with a 10-year. He's been in jail for about 20 years. I'm sorry, Mr. Kenya has been in jail for about 20 years? Yes. Okay. Great. And is it your view that even if he were to obtain complete relief in the Oregon Court of Appeals, he would still have a 23-year sentence to serve? Yes. If the Oregon Court of Appeals said the 48-year prism term that you said is completely unconstitutional and must go away in its entirety, that he still has a 23-year sentence, isn't this quite different than describing the federal matter, which is that for purposes of considering rehabilitation, he says the state is constitutionally required to treat these two sentences as one, and provide an opportunity somewhere along the way in that 21-year sentence. Correct. For me to demonstrate my rehabilitation. What you're saying is, no, the Court of Appeals really can't give him that. All they can give him is 23 more years after today. Well, I think the question here for the other purposes is whether you have a fair opportunity to raise these claims. And if you look at the record, since the time of this case, the Board of Parole case was unadministrative in review with the Board of Parole. The whole issue has been the aggregate sentences and how the Board of Parole has been. No, I think particularly he can't get the relief that he claims he's entitled to in federal court from the Oregon Courts in this specific case. When he says he's entitled to in federal court, his theory may be wrong, but nobody's interested in those areas, is that given the 71-year aggregate sentence and given my rehabilitation continuing from the fact that I've served 23 years or something like that, I'm entitled to an immediate hearing to see whether I'm rehabilitated. He can't get that. I'm going to hear him. He's rehabilitated on his title of release. Yes, I believe he can get that in the Oregon Court. I thought you told me that he had a 23-year determined expense. That he had to serve. Let me clarify the way that these matrix sentences and the guideline sentences work together in this case. The matrix sentence is where he would be entitled to a hearing for immediate release on that sentence. That's the 48-year sentence being the 48-year sentence. Yes, that's what it is. If the Oregon Court of Appeals said, as a matter of Eighth Amendment jurisprudence or parole, if you 48-year sentence or present term considered it incontentional to get 23 years, it's unconstitutional. You must change that. You must give him an opportunity now to hold that hearing. It could order that. If that hearing demonstrated Mr. Cuneo's rehabilitation to the satisfaction of the parole board, will you then be entitled to release or will you only be entitled to him then serving his 23 years? He would be entitled to the second. He would be released on the parole amendment. So you and I aren't exactly the same. I understand what you're saying. But I understood your opponent. What he's seeking from the district court is relief. He says, I don't have to. I'm rehabilitated. Basically, if you do these two things, one sentence, you're giving me the opportunity today to walk out of the prison. You're telling me that's a relief. That's what he says. He may not be entitled to that, right? Am I correct in thinking that you're telling me that's a relief the Oregon Court of Appeals cannot give him? What I'm saying is the relief that the Oregon Court of Appeals can grant is the same that would be granted in this case in the 1983 case. And I think you discussed the question that there was a 1983 case in the habeas case. And that's for a habeas case. Yeah, because in the 1983 claim, all he could write is challenge the constitutionality of the procedures by which the parole decisions are made. He can't tell us the fact that the duration of the confinement, which would be a 23-year sentence. But let's assume for a moment it was a habeas. If he wants, he says, to have an opportunity to show up tomorrow for the parole board. And if the parole board is with the decision, it says you're rehabilitated as a young man, we'd like to let you go. Will you do so? In a habeas claim? In the same? Truly, you're telling me the state court cannot give him that relief? I don't think this court can. I don't think the court can either. Well, it would make me good if it was a habeas. Could it not? Yeah, clearly. But the possibility is that we're dealing with a habeas. I understand that. But my difficulty is that really what you're telling me is because of the peculiarities of Oregon procedure, the claim that he now wants to make, which is that, look, effectively, you gave me a 71-year sentence, and that's a life sentence because I was 16 years old when I committed the crime. And what I'm entitled to is an early opportunity to demonstrate my rehabilitation. But if I have to emigrate and obtain relief, you're telling me the same thing that the Oregon court is trying to do. Well, I think the distinction between what he might be able to get and what he might be able to raise as a claim in the Oregon Court of Appeals, that's the pertinent issue here for Younger. The question in Younger is whether he's absolutely right that there's a Younger bar there. I'm sorry? He may still be right that Younger applies. I'm not asking. Okay. What I'm asking is I just want to make sure I understand the Oregon procedure and stuff. To the extent he says a relief that I'm seeking in federal action, whether or not he can get it, is a hearing immediately in which, if I demonstrate my rehabilitation, the board will have the option of letting me go right away out of prison. You're telling me that's not relief he can obtain in the current pending Oregon action? The board has the authority to let, to parole him, all the major sentences, which is the only one that he has control over. Okay. The board has no control over the guy personally. The answer to my question is yes, he can't get that relief in the Oregon court. The board cannot do anything with the 23-year consecutive sentences for robbery and drug trafficking. All that's pending in the Oregon court is the appeal from the board. Correct. So the answer to my question, you've explained it well, is that he cannot obtain in the Oregon court the relief that he is seeking to obtain in the federal court. So how about how he could obtain the relief? I disagree that he can get that relief in the federal court. No, I said seeking. I said seeking. I said put aside whether or not he can get that relief. He says, wait, I'm seeking. I've said it a number of times. Is there a way to get here? You may disagree that he's entitled to that. Why do you think he can't get it, at least on the theoretical? I don't know if he would prevent it or not, but why do you think he can't get it in the federal proceeding? The theory in the federal proceeding is that the whole Oregon system is unconstitutional, as implied in his case, that it ought to be instead redone, in effect, and viewed as a practical matter, as a small 71-year sentence, in which case he's entitled to immediate parole hearing right now. Because the question of the 1983 claim relates only to the procedures by which these decisions are made. That's the same issue that's in the Oregon Court of Appeals. So, again, going back to the distinction between a habeas claim, which would be challenging. If there were a habeas claim, you would agree with what I just said. You're saying, again, it's negative because it's not a habeas. We have to go with what we have on the facts. I just wanted to make sure you're not denying that what he claims he's seeking could be sought in theory under a habeas claim. He might lose, but at least it would be a plausible habeas claim. It would be plausible. Whether it would succeed or not, I can't say at this point. But let me just, again, let's assume he wanted to obtain the relief that he now seeks in Oregon court. Would there be anything in court by which he could do so? I have a client who's in this situation, and my position is he's entitled to an immediate hearing, and that once he demonstrates his rehabilitation, the board will have the power to set him free on the streets. Your position is there's no procedural mechanism under Oregon law under which you could raise that client. The board only has the power. I'm asking the board. Let's assume we're starting from ground zero. He said, this is my position. Can you go into Oregon court and assert that position? Or would you say, no, it's complicated, we have a matrix sentence and the other determinants that you have. You've got to go to the board separately and each of them, and once you do, you can cross-pollinate the proceedings. He can raise that. And if you look at the record, that's what he is undoing in the Oregon Court of Appeals. And I want to, if I could take a second, and go over this in detail, what's in the briefing, what happened in argument, because I think that it shows he is raising that claim. Now, whether it's going to succeed or not is a different thing than whether he has the absolute position that most of the Oregon Court of Appeals can do for him. I mean, your position isn't presented to anything because the board exercises discretion. I represent the city of Oregon, and I represent the board in this case. So I represent your position procedurally, and that means in the proceedings. The most you can do for a court of appeals is tell the board to look at this case again and treat it as if it were, and take into account this 23-year sentence, but you can't help him out of that sentence. But that's the question the court of appeals is looking at. And that's why I'm saying that this is the same case here, and in that, regardless of what I think the court of appeals should rule in the state case, the question is whether these... I'm sitting here today, and you seem to agree. You say that Ken Doppelnau was affected with a 23-year sentence in the court of appeal case, and he says that Ken Doppelnau was affected with a 23-year sentence in the court of appeal case. So I'm not sure how it is that some of you agree that the court of appeals would arrive at a conclusion in the court of appeals that it can't help him out with respect to the 23 years. I think ultimately, whichever way the court rules, the question here for younger purposes is whether the court is reaching the merits of that question. When the Constitution requires a court, it's not whether the court of appeals has the discretion to consider that question. That question is before the court of appeals right now. Let's take, for example, hypotheticals that say that the court of appeals completely agrees with Mr. Cuneo. So the court of parole, he wants to do this, he wants to do that. It is considered that question. On the other hand, if it agrees with the status to know the Constitution does not require the board to take these steps itself, it has considered that question on the merits, and that's what we're looking at for the purposes of the younger law, So let me ask you a question, Mr. Cuneo. Once you see the court of appeals rules more, I won't break it to other courts, he now wants to bring himself to the federal court to decide whether it's an act to be considered or against the board of appeals purposes. So there would be no younger problem with that, nor would there be. Your Honor, my understanding of younger extension is that even when the state court case is resolved, while this case is still here, implied in the district court of the Ninth Circuit, younger still applies, simply because the case has been resolved either by a court ruling or something else, that does not get rid of younger. And I'm sorry to turn outside the case off the top of my head, but that would be strange because if it were habeas, for example, we might have to defer to a state court I believe that younger wouldn't interfere in this human interests of the employee. Is it younger because you still have a right to go to the Oregon Supreme Court? Correct, you're right, they can go to the Oregon Supreme Court. I just know that if they go to the Oregon Supreme Court instead of firearms in a one-line order, would there be a younger problem? You can still have a position of social honor at the U.S. Supreme Court. And younger extends to petitions for certain? I don't know why it wouldn't. The question is, does it deal with interference with state court proceedings? As you said, for sure, it doesn't strike me as a state court case. It sounds like it interferes with, you know, minor inconvenience or exhaustion of remedies, which sounds like a very, very different animal. Well, then you'd be dealing with a question still now. I mean, yes, it would be the federal Supreme Court would be dealing, but you'd still be dealing with a question still now. So your position is that the federal action cannot proceed because when one initiative is habeas because it must absolve state remedies until some unspecified point in the future when the Supreme Court denies social favor, even though your position is also state court cannot give him the relief he seeks? That's correct. Okay. Mr. President, any further questions? I would just ask you to affirm the district court's intention. Thank you, Mr. Kennedy. Mr. Conner. Thank you, Your Honor. In the record before, in the Oregon Court of Appeals, the federal court of appeals before this court, and I would like to point the court to this appendix seven to the response against your brief in this case, where the state's attorney begins the argument by saying, another claim should be brought in a different form, quote, because of the board's limited ability to provide any relief. Part of the complexity of dealing with this case is that the state is citing your argument in the Oregon Court of Appeals in defense of its own disposition, and you're citing the state's argument in defense of your position. You sort of switched heads here. So, you know, obviously you don't want them to prevail on their argument. They don't want you to prevail on your argument, and it's left us with some confusion over what the court of appeals might do. I appreciate that, Your Honor. I believe that we are, the parties are obviously engaged. I believe that the court of appeals only has authority over the 48-year prison term. Now, is that a position you took before the Oregon Court of Appeals? Yes, we argued that the court should have considered the effect of the 23-year determinant sentences when evaluating how to set the 48-year prison term, but we accepted that an Oregon law, a procedural law on the board, gave me the opinion on the point that you've heard that the Oregon Court of Appeals did not really do that. If the Oregon Court of Appeals were to agree with you, what relief might you get? The best case scenario is release from the 48 years, Mr. Kuhn. And not the 23 years, even though you told the Oregon Court of Appeals that the parole board should have considered the 23-year sentence. You should have considered the badass, you know, to decide whether by imposing 48 years, it was creating a de facto life sentence. Not that the parole board could have somehow undone the 23 years, just that it should have said badass, because, again, it's before this court, does anybody in Oregon, whether it's the parole board or the court, have the authority to order these sentences served concurrently? At this stage, no, Your Honor. That was a decision initially for the sentencing judge in 1994. Would the governor have the authority to do the entire sentence? Excuse me, Your Honor. Yes, the governor would. But no court could do it, and the parole board does not have the authority to do that either. The parole board does not. Mr. Kuhnio has a seat post-conviction in the case of the medical board and the district court in this case that I'm relying on for younger abstention. I filed a 28-J letter, that decision, in the Court of Appeals. Yes, you did. Okay, and there's a footnote there where they say, PCR, we can't do anything about the 48 years of the parole board sentences. I'm sorry, Your Honor. As far as the seat post-conviction case, at this stage, the state procedural rules prevent considering the court, considering the sentences, and that kind of thing. Okay. One other question. Is there a procedure under which, because most states have their procedure, in which the parties concurrently inquire to the appellate court about the sentence and the appeal. Is there such a procedure in Oregon? That's not here, Your Honor. So, it might come down tomorrow, or it might come down... Kuhnio's come out every Wednesday. I didn't come out today. But, yeah, typically, our cases from this panel of judges come out between 18 months to 10 years. So, we're within the window where the case could come out maybe a week, in my experience. Thank you. Thank you very much. Thank you, counsel, for the argument. It's been a very difficult and perplexing case. With that, we have concluded the calendar for the day and the court stands adjourned.
judges: Bybee, Hurwitz, Rakoff